No. 29,909.

THE FARMERS STATE BANK OF CLAY CENTER, *Appellee*, v. WILLIAM ESRY and BERTHA ESRY, *Appellants*.

(298 Pac. 749.)

Opinion filed May 9, 1931.

*C. Vincent Jones,* of Clay Center, for the appellants.

*C. B. Daughters,* of Manhattan, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action on a promissory note for $3,000 purported to have been executed by defendants and payable to plaintiff, and to foreclose as a mortgage a deed delivered to plaintiff by defendants as security for the note. Defendants in their answer denied execution of the note sued on, and averred that if they did execute it, the same was without consideration. In answer to special questions the jury found defendants executed the note and that the same was for a valuable consideration. Judgment was for plaintiff. Defendants have appealed.

The facts disclosed by the record may be more fully stated as follows: George W. Hanna is, and has been for many years, the president and active managing officer of the plaintiff bank. The bank owned a tract of land, consisting of forty-eight lots, on which there was a dwelling, in the city of Riley, having procured title thereto from one J. E. Berggren. The deed from Berggren and wife was blank as to grantee, but the grantors had authorized plaintiff to insert as grantee in the deed the name of anyone it chose. The defendants owned ninety-two acres of land in Pottawatomie county,

on which they resided, and which was encumbered by a mortgage of $3,000 and a commission mortgage and some accumulated interest and taxes, and which mortgage was in process of foreclosure. On May 24, 1928, defendants, together with Charles Watson, a real-estate agent at Riley, came to the bank of plaintiff, and its president, George W. Hanna, entered into a written agreement with them as follows:

"This agreement, made this 24th day of May, 1928, between Geo. W. Hanna, party of the first part, and William and Bertha Esry, party of the second part, witnesseth:

"Party of the first part agrees to exchange the Dagon tract of land in Riley, Riley county, Kansas, consisting of dwelling and about forty-eight lots, blocks 11 and 12, which is conveyed in a deed by one J. E. Berggren for the ninety-two acres owned by second parties upon which they are now living in Pottawatomie county, Kansas, subject to a mortgage of $3,000 and its commission mortgage. First party is to pay the interest now due and the taxes and the commission to Mr. Watson above the $3,000 mortgage and second parties are to give their note in hand due on or before March 1, 1929, for $3,000, with the Berggren deed to the lots in Riley, Riley county, Kansas, as collateral thereto, bearing 7 per cent interest, Hanna to have until March 1, 1929, to secure for them a $3,000 loan, when the Esrys are to sign the new papers for a first mortgage. Esrys have the right together with Mr. Watson to try and get a loan at a less rate of interest and it is understood that they can take up the deed at any time the $3,000 and interest is paid. Second parties are to have possession of the rents from the Berggren tract in Riley, Kansas, commencing June 1, 1928, which for four months is rented at $20 per month. Second parties are to give possession of the ninety-two acres in Pottawatomie county on March 1, 1929, and they are to pay as rent two-fifths of the corn in crib and one-half of the hay in stack for the 1928 rent to Dallene.

"Deeds and abstracts are to be exchanged as soon as it is convenient for parties to have them executed.

"Witness our hands this day and year first above written."

Defendants executed a deed to the Pottawatomie county land, also executed a note to the plaintiff bank for $3,000, due March 1, 1929. The Berggren deed was delivered to them, but left with the bank as security for this note. The bank paid Watson a commission of $200 and gave its cashier's check for $650 to pay back interest, taxes, etc., on the mortgage in foreclosure. Defendants went into possession of the tract of land in Riley. They paid no interest on the $3,000 note, nor was any further mortgage executed by them on the tract of land in Riley.

Defendants' contention appears to have been that the note which they executed on May 24, 1928, was payable to George W. Hanna.

They admitted executing on that date a note for the amount and for the time stated in the note sued upon, but contend it was made payable to George W. Hanna and not to the bank, and hence it is their contention that it was not the note sued upon. There was but one note executed by them at that time, and the jury, in answer to special questions, found they executed the note in suit. They did get the property in Riley just as their contract provided; in fact, there is nothing wrong with the transaction, even from defendants' point of view, except that the note should have been made payable to Hanna instead of to the bank. They actually received the consideration which they expected to receive, and the jury so found.

In this court appellants contend (1) their demurrer to plaintiff's evidence should have been sustained, (2) the court admitted evidence in violation of the parol evidence rule, and (3) erred in the giving of instructions. All these contentions are predicated on the theory that defendants were dealing with Hanna as an individual, and not with the bank or with Hanna as president of the bank. While the evidence quite clearly discloses that the transaction was had at the bank, with Mr. Hanna, its president, and for property in Riley which belonged to the bank, it is not material so far as the action on this note is concerned whether their deal was with Hanna individually or with the bank; for, in the consummation of the transaction they executed their note payable to the bank and secured it by the Berggren deed to the property in Riley. This is clearly sufficient to authorize the bank to maintain an action on the note and to foreclose, as a mortgage, the deed placed with it as security therefor. The makers of a promissory note are in no position to complain that the payee named therein, rather than another, sued on the note when it became past due and was unpaid. With respect to the consideration for the note sued upon the evidence clearly disclosed, and the jury found, that defendants received the consideration provided for in the contract hereinbefore set out. There is therefore no lack of consideration for the note.

Appellants complain that neither George W. Hanna nor the bank arranged a new loan on the Riley property for them by March 1, 1929. The contract contained no definite agreement that either Hanna or the bank would do so, and in any event such failure would not constitute a defense to the note sued upon.

The judgment of the court below is affirmed.